UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAITH J. JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1123 |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & ORDER ON
DEFENDANTS' PARTIAL MOTION TO DISMISS**

Pending before the Court is the Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. No. 20.) After considering the motion, responses thereto and the applicable law, the Court finds that the motion must be granted.

**I. BACKGROUND**

This is a sex/gender discrimination case. Plaintiff Faith Jackson filed this suit against: Texas Southern University ("TSU"); John Rudley, TSU President; and Dannye Holley, Dean of Thurgood Marshall School of Law ("TMSL") at TSU (collectively, "Defendants"). Ms. Jackson alleges Defendants created a hostile and discriminatory work environment by undermining her supervisory authority, paying her less than male colleagues in similar positions, and denying her due process in her application for tenure and promotion. Although Ms. Jackson's first amended complaint asserts a number of claims, Defendants focus now on the alleged constitutional violations under 42 U.S.C. § 1983. Thus, the Court will provide only the background information necessary to assess the constitutional due process claims.

The facts are drawn from Ms. Jackson's first amended complaint. (Doc. No. 17.) Ms. Jackson began working at TSU in 1993 and eventually joined the faculty as a tenure-track

1

Associate Professor in 2006. In 2012, she was also appointed as Associate Dean for External Affairs of TMSL. (Doc. No. 17 ¶¶ 14-15, 40.) Later in 2012, Ms. Jackson received a majority vote from the TMSL tenured faculty to be promoted to full professor. After the vote, Dean Holley applied an "external review" process, which had never been announced or applied to any prior candidate's application. As part of his review, Dean Holley submitted an article by Ms. Jackson to one of his personal friends, who is not a lawyer. Ms. Jackson argues this practice was "unique, inconsistent and outside the normal process of prior reviews." Dean Holley also did not produce a written report from his external review, and thus Ms. Jackson could not rebut his findings. (Doc. No. 17 ¶¶ 41-52.) The Court assumes that Dean Holley then recommended not to promote Ms. Jackson, although the complaint does not explicitly so state.

Ms. Jackson appealed Dean Holley's decision to the provost. The provost considered Ms. Jackson's appeal, but did not overturn Dean Holley's decision. President Rudley then approved Dean Holley's decision to deny promotion. Ms. Jackson appealed her application to the University Board of Regents, which charged the University Rank, Tenure and Salary Committee ("Committee") to assess the merits of Ms. Jackson's appeal. The Committee refused to hear the appeal. The Board of Regents later discussed Ms. Jackson's appeal but took no action and did not inform her of its decisions. (Doc. No. 17 ¶¶ 54-56.)

Ms. Jackson also notes that in March 2013, President Rudely issued a memorandum to the TSU deans and faculty regarding the university's tenure process, in which he purportedly admitted the Defendants' past failures to follow rules governing the review process. That May, TMSL adopted the external review process that Dean Holley had employed during Ms. Jackson's tenure review. The newly adopted process was non-retroactive. (Doc. No. 17 ¶¶ 54-56.)

Ms. Jackson contends that she was denied due process, based on the never-before-applied external review and the refusals to consider her appeal. Defendants respond that Ms. Jackson has no constitutional due process claim because (1) she had no property interest in a position that she did not yet hold; and (2) Defendants are protected from suit under the sovereign and qualified immunity doctrines. (Doc. No. 20.)

## II. LEGAL STANDARD

Defendants seek to dismiss Ms. Jackson's § 1983 claims pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Castro v. United States*, 560 F.3d 381, 381 (5th Cir. 2009), *rev'd en banc on other grounds*, 608 F.3d 266 (5th Cir. 2010). The "court may find a plausible set of facts supporting subject matter jurisdiction by considering any of the following: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)). "A facial attack on the complaint" challenging the court's subject matter jurisdiction pursuant to Rule 12(b)(1) "requires the court merely to look and see if [a] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

**B. Rule 12(b)(6)**

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). The court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 231 (5th Cir. 2009) (internal citation omitted).

## III. ANALYSIS

Ms. Jackson alleges due process violations under the Fourteenth Amendment to the United States Constitution. Defendants respond that: (1) the constitutional claims must be limited to President Rudley and Dean Holley because TSU is not a person under § 1983; and (2) President Rudley and Dean Holley are protected by qualified immunity. (Doc. No. 20.)

**A. Section 1983 Claim Against Defendant TSU**

Ms. Jackson admits that TSU, as an agency of the State of Texas, is not a person within the meaning of § 1983. (Doc. No. 22 at 3.) *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). Thus, the Court dismisses the § 1983 claim against TSU.

### B. Section 1983 Claim Against Defendants Rudley and Holley

Defendants argue that President Rudley and Dean Holley are entitled to qualified immunity. "Qualified immunity is 'an immunity from suit rather than a mere defense to liability.'" *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The doctrine of qualified immunity shields from civil liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "The burden is on the plaintiff to overcome a defendant's defense of qualified immunity." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994).

Ms. Jackson alleges that Defendants Rudley and Holley violated her constitutional due process rights. (Doc. No 17 ¶ 74.) "To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). "Procedural due process entitles a public employee with a property right in his employment to notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Fowler v. Smith*, 68 F.3d 124, 127 (5th Cir. 1995). Both procedural and substantive due process require an underlying property right in the employment. Thus the Court must first determine whether Ms. Jackson had a property interest in her expected promotion. *See Perry v. Sindermann*, 408 U.S. 593, 599 (1972) (plaintiff must show deprivation of a property interest before invoking procedural due process protection). *See also*

*Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("constitutional purpose [of process] is to protect a substantive interest to which the individual has a legitimate claim of entitlement").

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576–77 (1972). According to Ms. Jackson, her property interest vested as soon as she received approval for tenure from the majority of the faculty, per the TSU Faculty Manual ("Manual"). (Doc. No. 22 at 4.) Defendants counter that the "faculty's recommendation is only one part of a multi-level promotion process. (Doc. No. 20 at 6.)

"There must be some reasonably identifiable source from which the rights spring in order to constitute existing property rights. They cannot emanate from mere subjective expectancy." *Cannon v. Beckville Indep. Sch. Dist.*, 709 F.2d 9, 10–11 (5th Cir. 1983) (citing *Perry,* 92 U.S. at 604). The Manual provides guidance on TSU's hiring and promotion procedures, which involve several steps of review. First, "[a]ll requests for retention, promotion and tenure shall be initially submitted to the faculty elected departmental or unit Rank, Tenure and Promotion Committee." (Doc. No. 20-1 at 11.) Eventually, the "decision of the faculty body shall be forwarded to the Dean," who then submits the following items to the Provost:

> (1) . . . the recommendation of the tenured faculty in tenure cases, (2) the evaluation and recommendation of academic department's Rank, Tenure and Promotion Committee, (3) the evaluation and recommendation of the chair, (4) and the candidate's dossier, (5) the School's faculty rank and tenure decision-making authority decision, and (6) the Dean's recommendation.

(Doc. No. 20-1 at 12.) These instructions, among others listed in the manual, make clear that the faculty vote does not guarantee a promotion. While it constitutes the first step in the tenure

process, the faculty recommendation is but one element considered by the Provost, who also makes a non-binding recommendation. The vote does not in and of itself create a property interest.

Although a plaintiff may have a property interest in a job she does not yet hold, she must be able to show a policy or another assurance of entitlement to the job. *See, e.g., Perry*, 408 U.S. at 601–03 (teacher may be able to show legitimate claim of entitlement to job tenure when college lacks formal tenure system but has created such a system in practice); *Gosney v. Sonora Indep. Sch. Dist.*, 603 F.2d 522, 525 (5th Cir. 1979) (binding school board minutes stating renewal of principal's contract create "more than a unilateral expectation of continued employment"). Unlike in *Perry* or *Gosney*, TSU had a system for tenure, and Ms. Jackson did not proceed far enough through that system to create a property interest in her promotion.

Admittedly, viewing the facts of the first amended complaint as true, it is clear that Dean Holley did not follow the procedures proscribed by the Manual. The deviations from the Manual seem both obvious and grave. Specifically, the Manual requires TSU to fully explain any decision adverse to the applicant and to afford the applicant an opportunity to review her record. (Doc. No. 20-1 at 11.) According to Ms. Jackson, Defendants did not provide her with an adequate opportunity to review or rebut the decision against her. Had Defendants followed the Manual's procedures, perhaps she would have received a different recommendation and reached a point where her promotion was all but finalized, like the plaintiffs in *Perry* or *Gosney*. However, "[p]rocedural requirements ordinarily do not transform a unilateral expectation into a constitutionally protected property interest." *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984) (upholding denial of tenure even when committee did not follow procedures regarding appeal process). Defendants' purported failure to comply with procedures does not alone create a

claim under § 1983. As Ms. Jackson had satisfied merely one element of the tenure process, she did not have a property interest in the promotion.

Because Ms. Jackson fails to demonstrate a property interest, she cannot show that her constitutional due process rights were violated. Therefore the Court does not need to discuss the second qualified immunity prong: whether the alleged constitutional deprivation was "objectively unreasonable in light of clearly established law at the time of the conduct in question." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## IV. CONCLUSION

Although Ms. Jackson has alleged serious wrongs against her, she cannot prevail on her due process claims under § 1983. For the aforementioned reasons, the Court **GRANTS** Defendants' Partial Motion to Dismiss (Doc. No. 20). Ms. Jackson's other claims for relief are unimpaired.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 19th of April, 2017.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE